UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FÖRSTA AP-FONDEN AND DANSKE
INVEST MANAGEMENT A/S, *Individually
and on Behalf of All Others Similarly
Situated*,

        Plaintiffs,                  Civil No. 12-CV-3070 (JNE/HB)
                                          **ORDER**

    v.

ST. JUDE MEDICAL, INC., DANIEL J.
STARKS, JOHN C. HEINMILLER, ERIC S.
FAIN, MICHAEL T. ROUSSEAU, and
DONALD J. ZURBAY,

        Defendants.

**ORDER AND FINAL JUDGMENT**

This matter is before the Court in response to the Class Representatives' unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation. (Docket No. 295.) Class Representatives seek approval of the Stipulation and Agreement of Settlement dated July 7, 2016 (the "Stipulation"). (Dkt No. 290.) The Court preliminarily approved the Stipulation and established settlement notice procedures on July 13, 2016 (the "Preliminary Approval Order"). (Dkt. No. 292.) Since that time, the notice procedures have been carried out, and there have been no objections to the Motion for Final Approval. The Court held a Settlement Fairness Hearing pursuant to Federal Rule of Civil Procedure 23(e) on November 9, 2016 to evaluate the merits of the Settlement. The Court has considered all matters submitted to it at the Settlement Fairness Hearing and otherwise.

NOW, THEREFORE, based on the files, records, and proceedings herein, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including the Class Representatives, all Class Members, Plaintiffs' Counsel, and the Defendants. All capitalized terms used in this Order and Final Judgment have the meanings as defined in the Stipulation.

2. This Action has previously been certified by the Court as a class action, pursuant to Fed. R. Civ. P. Rule 23(b)(3). The Class consists of all persons or entities who purchased or otherwise acquired St. Jude Medical, Inc. ("St. Jude") common stock during the Class Period, from February 5, 2010 through November 20, 2012, and who were damaged thereby (the "Class"). Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of each of the Individual Defendants; (iii) any person who was an executive officer and/or director of St. Jude Medical, Inc. during the Class Period; (iv) any person, firm, trust, corporation, officer, director, or any other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are the persons and entities who previously requested exclusion in connection with the Notice of Pendency as set forth in Exhibit C to the Stipulation, which includes 26 requests for exclusion. This list also includes the two requests for exclusion, received after the deadline to request exclusion. The list excludes those persons or entities who previously requested exclusion, but have timely elected to opt back into the Class

pursuant to the provisions and procedures provided in the Settlement Notice. A complete list of those who have previously requested exclusion from the Class and have not timely elected to opt back in is attached as Exhibit 1 hereto.

3. This Court has previously appointed lead plaintiffs Första AP-fonden and Danske Invest Management A/S as the Class Representatives.

4. The Court has reviewed the notice provided by Defendants pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, and finds that the notice provisions of CAFA have been fully satisfied by the Defendants.

5. Notice of the pendency of this Action as a class action was previously provided to all Class Members who could be identified with reasonable effort. In connection with the Notice of Pendency, Class Members were given an opportunity to request exclusion from the Class. The form and method of notifying the Class of the pendency of the Action as a class action met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law or rules, constituted the best notice practicable under the circumstances, was reasonably calculated to apprise interested parties of the matters before the Court and their right to object to such matters, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. In the Preliminary Approval Order, a form of Notice of (I) Proposed Settlement of Class Action; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Expenses; and (III) Settlement Fairness Hearing ("Settlement Notice")

was approved by the Court, as was a Proof of Claim form and a form of Publication Notice. In accordance with the Preliminary Approval Order, Class Counsel have filed with the Court proof of mailing of the Settlement Notice and Proof of Claim and proof of publication of the Publication Notice. Based on those submissions, the Court finds that the Settlement Notice in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or acquired the common stock of St. Jude during the period from February 5, 2010 through November 20, 2012, and that a Publication Notice in the form approved by the Court was published in the national edition of *Investor's Business Daily* and transmitted over PR Newswire in accordance with this Court's orders. The Court finds that the form and method of notifying the Class Members of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law or rule, constituted the best notice practicable under the circumstances, was reasonably calculated to apprise interested parties of the matters before the Court and their right to object to such matters, and constituted due and sufficient notice to all persons and entities entitled thereto.

7. The Court finds that the Settlement is fair, reasonable, and adequate with respect to the Class and the Class Members, and that the Class Representatives and Plaintiffs' Counsel have fairly and adequately represented all of the Class Members with respect to the Settlement, including twice negotiating the Settlement at arm's-length with the assistance of an independent mediator and conducting extensive discovery on behalf

of the Class. The Court has considered (1) the disputed merits of Plaintiffs' case weighed against the terms of the settlement, (2) the Defendants' positive financial condition, (3) the considerable complexity and expense of further litigation, and (4) the lack of any opposition to the Stipulation. *See In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, 716 F.3d 1057, 1063 (8th Cir. 2013). Here, Plaintiffs' liability and damages theories are based on complex facts and are heavily dependent on expert opinions. The Class's chance of success in future proceedings is therefore uncertain. The Settlement provides the Class with compensation, on a pro-rata basis, from a fund which is comparable to those approved in similar securities class action settlements. Approval of the Settlement will result in substantial savings of time, money, and effort to the Court and the Parties. In light of the foregoing, the Court is convinced the Settlement is fair, reasonable, and adequate. The Court therefore fully and finally approves the Settlement in all respects, pursuant to Fed. R. Civ. P. 23(g). The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions of the Stipulation. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation provided that no deadlines established by this Order and Final Judgment shall be altered absent Court approval.

      8.      The Second Amended Consolidated Complaint for Violations of the Federal Securities Laws dated October 7, 2014 (the "Second Amended Consolidated Complaint") (Dkt. No. 111), together with all claims therein, is hereby DISMISSED WITH PREJUDICE.

9. In accordance with the Stipulation, upon the Effective Date of the Settlement, Plaintiffs and each member of the Class, on behalf of themselves, and their personal representatives, heirs, executors, administrators, trustees, predecessors, successors and assigns, shall, with respect to each and every Released Claim, be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally and forever released, relinquished and discharged, and shall forever be enjoined from prosecuting, any Released Claim against any of the Released Defendant Parties. Plaintiffs and all the other members of the Class, together with their personal representatives, heirs, executors, administrators, trustees, predecessors, successors and assigns, are hereby permanently barred and enjoined from instituting, commencing or prosecuting against Defendants and all other Released Defendant Parties any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for compensatory, punitive, or statutory damages, interest, attorneys' fees, and any other costs, expenses or liability whatsoever), whether known or unknown (including Unknown Claims as defined herein), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether legal, equitable, statutory or of any other type or form, whether brought in an individual, representative, class, derivative or any other capacity, whether fixed or contingent, liquidated or un-liquidated, that (1) (A) were alleged or asserted, or which could have been alleged or asserted, in the Action or (B) in any way relate to or arise from any of the conduct, statements, communications, occurrences, omissions, acts, or failures to act that were alleged or asserted in the Action, and (2) relate to the purchase or other acquisition, sale or other disposition, or ownership

of St. Jude stock during the Class Period (all of the foregoing constituting the "Released Claims," as set forth in the Stipulation). Notwithstanding the foregoing, Released Claims shall not include claims to enforce the terms of the Stipulation or the Settlement. As set forth in the Stipulation, the Released Defendant Parties consist of all of the Defendants and each of their respective past, present, or future subsidiaries, parents, affiliates, successors, predecessors, and each and all of their respective officers, directors, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, insurers, legal representatives, heirs, successors in interest or assigns.

10.   In accordance with the Stipulation, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their personal representatives, heirs, executors, administrators, trustees, predecessors, successors and assigns, shall, with respect to each and every Released Defendants' Claim, be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally and forever released, relinquished and discharged, and shall forever be enjoined from prosecuting, any Released Defendants' Claims against Plaintiffs and all other Released Plaintiff Parties. Defendants, together with their personal representatives, heirs, executors, administrators, trustees, predecessors, successors and assigns, are hereby permanently barred and enjoined from instituting, commencing or prosecuting against Plaintiffs and all other Released Plaintiff Parties any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for compensatory, punitive, or statutory damages, interest, attorneys' fees, and any other costs, expenses or liability whatsoever), whether known or unknown (including Unknown Claims as defined

herein), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether legal, equitable, statutory or of any other type or form, whether brought in an individual, representative, class, derivative or any other capacity, whether fixed or contingent, liquidated or un-liquidated, that have been or could have been asserted in the Action or any forum by Defendants and/or any of the Released Defendant Parties against the Class Representatives collectively or individually, any Class Member, any other Released Plaintiff Parties, or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (all of the foregoing constituting the "Released Defendants' Claims," as set forth in the Stipulation). As set forth in the Stipulation, the Released Plaintiff Parties consist of Plaintiffs, all Class Members and Plaintiffs' Counsel, and their respective current and former parents, subsidiaries, affiliates, trustees, officers, directors, principals, employees, employers, controlling persons, agents, partners, auditors, accountants, advisors, financial advisors, investment advisors, administrators, legal representatives, heirs, attorneys, and predecessors, successors or assigns.

11. For purposes of this Order and Final Judgment, including paragraphs 9 and 10 hereof, and in accordance with the Stipulation, "Unknown Claims" means all claims that fall within the above definition of Released Claims which Plaintiffs, any other Class Member or any other Released Plaintiff Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and all claims that fall within the above definition of Released Defendants' Claims which any Defendant or any other Released Defendant Party does not know or suspect to exist in

his, her or its favor at the time of the release of the Released Plaintiff Parties, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive and relinquish to the fullest extent permitted by law, and each other Released Party shall be deemed to have waived and relinquished to the fullest extent permitted by law, and by operation of this Order and Final Judgment, shall have expressly waived and relinquished to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of the United States or of any state or territory of the United States, or principle of common law or of international or foreign law, which governs or limits a person's or entity's release of Unknown Claims, which is similar, comparable or equivalent to California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." Plaintiffs and Defendants hereby expressly acknowledge, and each of the other Released Parties shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts in addition to or different from those that any of them or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or the Released Defendants' Claims, but by this Settlement and upon the Effective Date, Plaintiffs and Defendants shall expressly, and each other Released Party shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and

forever discharged, settled, and released with prejudice any and all Released Claims and Released Defendants' Claims that now exist or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts, without regard to whether those facts were concealed or hidden, including, but not limited to, conduct which is negligent, grossly negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the other Released Parties shall be deemed by operation of law to have acknowledged, that the inclusion of "Unknown Claims" in the definitions of Released Claims and Released Defendants' Claims was separately bargained for and is a key element of the Settlement.

12.     The Court notes that the Parties and their respective counsel have agreed not to bring any motions under Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.     Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)     construed as an admission, presumption or concession by any of the Defendants or other Released Defendant Parties of, or otherwise be permitted as or deemed to be evidence of, any fault, wrongdoing, or liability whatsoever by any of them

or of the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that has been or could have been asserted in the Action;

    (b) offered or received against any of the Defendants or other Released Defendant Parties in evidence in any civil, criminal, administrative, or other proceeding, or utilized in any manner whatsoever, including but not limited to as evidence of an admission, presumption or concession by any of the Defendants or other Released Defendant Parties or as evidence of any fault, wrongdoing, or liability whatsoever by any of them; provided, however, that if this Stipulation is approved by the Court, the Released Defendant Parties may refer to it to effectuate the liability protection granted them hereunder;

    (c) construed as a waiver of Defendants' right, which Defendants reserve, in the event the Settlement is not consummated, to continue to object (including for appellate purposes) to certification of the Class for any purposes other than Settlement; or

    (d) offered against any Plaintiff or any other Class Member, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any Plaintiff or any other Class Member that any of their claims are without merit, that any of Defendants had meritorious defenses, or that damages recoverable under the Second Amended Consolidated Complaint would not have exceeded the Cash Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason against any Plaintiff or any other

Class Member, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; and

(e)     nothing contained herein shall prevent this Order and Final Judgment or the Stipulation (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Stipulation and the Settlement, or any orders entered by the Court relating thereto (including, but not limited to, the Order and Final Judgment). This includes, but is not limited to, the Defendants or other Released Defendant Parties filing the Stipulation and/or the Order and Final Judgment in any other action that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release or any other theory of claim preclusion or issue preclusion.

14.     Separate orders shall be entered regarding approval of a plan of allocation and Class Counsel's application for an award of attorneys' fees and reimbursement expenses and reimbursement of costs and expenses to the Class Representatives. Such orders shall in no way affect or delay the finality of this Order and Final Judgment and shall not affect or delay the Effective Date of the Settlement.

15.     Neither Defendants, the Released Defendant Parties nor their respective counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission or determination of Class Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund or Net Settlement Fund; (iii) the determination,

administration, calculation or payment of any claims asserted against the Settlement Fund or Net Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund or Net Settlement Fund; (v) the payment or withholding of any Taxes or Tax Expenses; or (vi) any other matter pertaining to the administration of the Settlement, the Settlement Fund or any distributions thereof, any claims submitted by Class Members, the Escrow Account, the Plan of Allocation or its administration, or otherwise.

16.  Other than the payment of the Cash Settlement Amount into the Escrow Account, which has already been made, Defendants shall not be required to make any other payments of any sort in connection with this Settlement, including to or for the benefit of the Class Representatives, the Class or any of its members, or any counsel for the Class Representatives or members of the Class (including, but not limited to, Plaintiffs' Counsel), or bear any liability or responsibility for any other expenses or costs in connection with the Action or the Settlement, including, but not limited to, any Fee and Expense Award, Notice and Administration Costs, Taxes or Tax Expenses, or any other costs, expenses, or fees of any kind whatsoever.

17.  Without affecting the finality of this Order and Final Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) implementation of the Settlement; (b) any award, distribution, or disposition of the Settlement Fund; (c) hearing and determining any applications by Class Counsel for attorneys' fees and reimbursement of expenses and any request by the Class Representatives for reimbursement of costs and expenses incurred in representing the Class; (d) any motion to approve a plan of allocation; (e) any motion to approve the Class Distribution Order described in paragraph

19 below; and (f) all Parties, including Class Members, Released Parties, and releasing Parties for the purpose of construing, enforcing, and administering the Stipulation and the Settlement. All funds held by the Escrow Agent or its successor shall continue to be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned to the persons or entities paying the same pursuant to the Stipulation and/or further order of the Court.

18. All proceedings with respect to the administration, processing and determination of Proofs of Claim described in the Stipulation and this Court's orders, and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Proofs of Claim, shall be subject to the jurisdiction of the Court.

19. Class Counsel will apply to the Court, on notice to Defendants' Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Proofs of Claim submitted in connection with the Settlement, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

20. Proofs of Claim that do not meet the substantive submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the claimant in order to attempt to remedy potentially curable deficiencies in the Proof of Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, each claimant whose Proof of Claim it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that

the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of paragraph 21 below.

21. If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in paragraph 20 above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by Class Counsel. If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court on notice to the claimant.

22. All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of the Stipulation and the Settlement, as well as by the terms of this Order and Final Judgment and the releases provided for herein, and are barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

23. The Net Settlement Fund shall be released from the Escrow Account and provided to the Claims Administrator for distribution to the Authorized Claimants, in accordance with the Court's orders, only after each and all of the following have occurred: (i) the Class Distribution Order has been entered; (ii) the Effective Date has occurred; (iii) all timely Proofs of Claim have been processed, and all claimants whose Proofs of Claim have been rejected or disallowed, in whole or in part, have been notified

and provided the opportunity to be heard concerning such rejection or disallowance; (iv) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired, or a reserve has been made to cover the potential payment to such claimants; (v) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time therefor has expired, or a reserve has been made to cover the potential payment with respect to such attorneys' fees, costs, and disbursements; and (vi) all Notice and Administration Costs, Taxes and Tax Expenses have been paid or provided for or a reserve has been made to cover the potential payment with respect to such Notice and Administration Costs, Taxes and Tax Expenses.

24. In the event that the Settlement as set forth in the Stipulation terminates and the Effective Date does not occur, the Parties to the Stipulation shall be deemed to have reverted to their respective status in the Action as of July 7, 2016, and, except as otherwise expressly provided in paragraph 35 of the Stipulation, the Parties shall proceed in all respects as if the Stipulation, this Order and Final Judgment (with the exception of paragraph 12 hereof) and any related orders had not been entered (with the exception that previously vacated schedules shall not be reinstated).

25. In the event that the Settlement as set forth in the Stipulation terminates and the Effective Date does not occur, no later than ten (10) business days after a written notification of a termination is sent to the Escrow Agent, the Escrow Agent shall, unless otherwise ordered by the Court, disburse in accordance with written instructions for disbursement received from Defendants' Counsel the Settlement Fund net of any

estimated Taxes and Tax Expenses paid, due or accrued, and net of any estimated Notice and Administration Costs paid, due or accrued. No later than three (3) business days after Class Counsel's issuance or receipt of a written notification of the termination, Class Counsel shall send to the Escrow Agent, with a copy to Defendants' Counsel, a statement of the estimated amount of any unpaid Taxes, Tax Expenses and Notice and Administration Costs remaining due or accrued with accompanying details. Any Taxes, Tax Expenses and Notice and Administration Costs due or accrued but not paid as of the date of termination, or estimated by Class Counsel to be due and accrued but not paid as of the date of termination, may be withheld from the Escrow Agent's disbursement of the Settlement Fund and subsequently paid by the Escrow Agent, unless otherwise ordered by the Court, for a period of no more than thirty (30) calendar days after written notification of the termination is sent to the Escrow Agent. To the extent that the final amount of Taxes, Tax Expenses and Notice and Administration Costs is other than as estimated, any excess shall be returned per the direction of Defendants' Counsel and any underpayment shall be refunded to the Escrow Account by or at the direction of St. Jude.

26.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

27.     Class Representatives' Motion for Final Approval of Class Action Settlement and Plan of Allocation (Dkt. No. 295) is GRANTED IN PART, with respect to the request for final approval of the Settlement.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 9, 2016.                    s/Joan N. Ericksen
                                            JOAN N. ERICKSEN
                                            United States District Judge