UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FÖRSTA AP-FONDEN AND DANSKE
INVEST MANAGEMENT A/S, *Individually
and on Behalf of All Others Similarly
Situated*,

        Plaintiffs,                              Civil No. 12-CV-3070 (JNE/HB)
                                                        **ORDER**

        v.

ST. JUDE MEDICAL, INC., DANIEL J.
STARKS, JOHN C. HEINMILLER, ERIC S.
FAIN, MICHAEL T. ROUSSEAU, and
DONALD J. ZURBAY,

        Defendants.

**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND
REIMBURSEMENT OF CLASS REPRESENTATIVES' COSTS AND EXPENSES**

       This matter having come before the Court for hearing on November 9, 2016 (the "Settlement Fairness Hearing") on Class Counsel's motion for an award of attorneys' fees, reimbursement of litigation expenses incurred by Plaintiffs' Counsel, and reimbursement of costs and expenses to Class Representatives in connection with their representation of the Class in the above-captioned class action ("Action"); the Court having considered all matters submitted to it at the Settlement Fairness Hearing and otherwise; it appearing that notice of the Settlement Fairness Hearing substantially in the form approved by the Court was mailed to all Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *Investor's*

*Business Daily* and transmitted over PR Newswire in accordance with the specifications of the Court; the Court having received no objections to the motion from any Class Member; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested,

NOW, THEREFORE, based on the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated July 7, 2016 (the "Stipulation") (Dkt. No. 290), and all capitalized terms not otherwise defined in this Order have the same meanings as defined in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. Notice of Class Counsel's motion for an award of attorneys' fees, reimbursement of litigation expenses incurred by Plaintiffs' Counsel, and reimbursement of costs and expenses to Class Representatives in connection with their representation of the Class was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law or rules, constituted the best notice practicable under the circumstances, was reasonably calculated to apprise all interested parties of the matters

before the Court and their right to object to such matters, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.	Plaintiffs' Counsel are awarded attorneys' fees of 25% of the Settlement Fund ($9,812,500) (which amount includes accrued interest) and reimbursement of litigation expenses in the amount of $2,631,505.39, plus interest earned on this amount at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable. The attorneys' fees and litigation expenses awarded will be paid in accordance with the terms of the Stipulation.

5.	In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court considered and finds that:

(a)	Plaintiffs' Counsel have ample experience litigating actions similar to the present Action and applied their expertise to representing the Class for more than three years;

(b)	Plaintiffs' Counsel's services directly led to the Settlement, which created a fund of $39,250,000 in cash, now deposited into escrow under the Stipulation;

(c)	Plaintiffs' Counsel fairly and adequately represented all of the Class Members with respect to the Settlement, including twice negotiating the Settlement at arm's-length with the assistance of an independent mediator;

(d)	Plaintiffs' Counsel continuously litigated this complex action and, among other steps, succeeded in part in opposing Defendants' motion to dismiss;

(e)	The case involved extensive discovery;

(f) Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(g) The fee sought by Plaintiffs' Counsel has been reviewed and approved as reasonable by Class Representatives, institutional investors that oversaw the prosecution and resolution of the Action;

(h) Copies of the Settlement Notice were mailed to over 366,500 potential Class Members and nominees stating that Class Counsel would apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Amount, or $9,812,500, plus any interest earned on this amount at the same rate as earned by the Settlement Fund, and reimbursement of expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against Defendants, in an amount not to exceed $2.9 million, plus interest. The Settlement Notice advised Class Members of their right to object to Class Counsel's motion for attorneys' fees and expenses, and a full and fair opportunity was accorded to persons who are Class Members to be heard with respect to the motion. No objections to the fees and expenses requested by Class Counsel have been received;

(i) The Action involves complex factual and legal issues, and, in the absence of settlement, would involve further lengthy proceedings with uncertain resolution if the case were to proceed to trial;

(j) Plaintiffs' Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee award was contingent on the result achieved;

4

   (k) Plaintiffs' Counsel have devoted more than 62,000 hours to this Action, with a lodestar value of $27,754,286.50, to achieve the Settlement;

   (l) The amount of attorneys' fees is consistent with awards in similar cases and supported by public policy; and

   (m) The amount of expenses awarded is fair and reasonable, and these expenses were necessarily incurred in the prosecution and settlement of the Action.

 6. The Court awards the following amounts from the Settlement Fund to Class Representatives as reimbursement for their reasonable costs and expenses directly related to their representation of the Class: $7,781.25 to Första AP-fonden and $8,775.00 to Danske Invest Management A/S.

 7. In making this award for reimbursement of costs and expenses to Class Representatives, the Court considered and finds that:

   (a) Class Representatives incurred expenses in representing the Class, in the form of employee time and effort spent regularly communicating with Plaintiffs' Counsel, closely overseeing the Action, and assisting with discovery;

   (b) Class Representatives' calculation of costs and expenses was reasonable in view of the time the employees spent on the Action away from their typical job duties and the normal rate of pay for the oversight tasks they conducted; and

   (c) The amount of reimbursement awarded to Class Representatives from the Settlement Fund is comparable to class representative reimbursement in similar cases.

8. Any appeal or any challenge affecting this Court's approval of any attorneys' fees and expenses or reimbursements to Class Representatives will not disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement.

9. The Court retains exclusive jurisdiction over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

10. If the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order will be rendered null and void to the extent provided by the Stipulation.

11. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

12. Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Reimbursement of Class Representatives' Costs and Expenses (Dkt. No. 297) is GRANTED.

Dated: November 16, 2016.    s/Joan N. Ericksen
                             JOAN N. ERICKSEN
                             United States District Judge